## Mary LaFevre v. Emile DuBrule.

1. VERDICTS—*Upon Conflicting Evidence.*—The evidence in this case is conflicting, and as there was enough, if credible to sustain the plaintiff's version of the matter, the verdict in his favor should be final unless prejudicial error has intervened.

2. NEW TRIALS—*On Account of Newly-Discovered Evidence.*—A motion for a new trial upon the ground of newly-discovered evidence is properly denied, where such evidence is merely cumulative, and sufficient diligence in attempting to produce it on the trial is not shown.

3. WITNESSES—*Reputation of, for Truth May be Considered.*—It is proper where there is evidence upon which to base such an instruction, to tell the jury that if the reputation of a witness for truth and veracity is bad that fact may be considered in weighing his testimony.

Replevin.—Appeal from the Circuit Court of Christian County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

HOGAN & DRENNAN and JAMES B. RICKS, attorneys for appellant.

The fourth instruction was improper, because it called the attention of the jury to the character of the defendant below, as shown by the testimony and character witnesses, and then told the jury that if they believed her reputation was bad for truth and veracity, they should take that into consideration in determining her credit. If she was impeached, yet in so far as her testimony was corroborated by other credible evidence or circumstances proved in the case, it was the duty of the jury to give credence to her testimony, and this the court ignored in the instruction complained of, and there was no instruction to cure the defect. Huddle v. Martin, 54 Ill. 258; Crabtree v. Hagenbaugh, 25 Ill. 233.

A new trial will be granted where the newly discovered evidence may be cumulative if it is decisive in its character. Sahlinger et al. v. The People, 102 Ill. 241; Collins v. The People, 103 Ill. 21.

Even though newly-discovered evidence is cumulative, a

new trial will be granted under special circumstances and when it is decisive in its nature. Sahlinger et al. v. The People, 102 Ill. 241; Collins v. The People, 103 Ill. 24.

R. M. POTTS and P. M. D. DOWDALL, attorneys for appellee.

A new trial will not be granted for cumulative evidence, not decisive. Sahlinger et al. v. People, 102 Ill. 241; Sulzer v. Yott, 57 Ill. 167; Bruce v. Truett, 4 Scam. 454.

A new trial will not be granted to let in evidence known to appellant at the time of trial. Isaacs v. People, 118 Ill. 539; Petefish v. Watkins, 124 Ill. 387.

A new trial will not be granted for newly-discovered evidence, where ordinary diligence would have disclosed it before trial. Klein v. People, 113 Ill. 601.

OPINION PER CURIAM.

This was replevin for a lot of tools and fixtures pertaining to a barber shop and for a quantity of clothing. The plaintiff recovered, and by the verdict was awarded the sum of five dollars damages for detention. The defendant appeals. The questions of fact were whether the tools and fixtures belonged to plaintiff or defendant, and whether plaintiff was indebted to defendant for a board bill for which the defendant claimed a lien on the clothing. As to both issues the result depended upon the state of accounts between the parties. If the jury believed plaintiff the finding was right, and as the evidence is conflicting, there being enough, if credible, to sustain the plaintiff's version of the matter, the verdict should be final unless prejudicial error has intervened.

It is urged that the second instruction for plaintiff is erroneous. The objection, as stated, is that a part of the goods in controversy were the clothing and baggage of plaintiff, as to which the defendant claimed a lien for board, and that this feature of the defense was ignored. The instruction was confined to the tools and fixtures of the barber shop and can not be construed to affect the articles of apparel. We think the objection is not well taken.

The fourth .is objected to. It is to the effect that if the reputation of defendant for truth and veracity was bad that fact might be considered by the jury in weighing her testimony. There was proof upon which to predicate the instruction. . We perceive no valid objection to it.

Newly-discovered testimony was one of the grounds urged for new trial. The testimony so alleged was merely cumulative.

No sufficient diligence to produce it on the trial was shown. No error appears.

Judgment affirmed.